IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MELISSA KIRBY STEGALL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 5:11-CV-3311-VEH |
| | ) |
| **CAROLYN W. COLVIN,** | ) |
| **ACTING COMMISSIONER,** | ) |
| **SOCIAL SECURITY** | ) |
| **ADMINISTRATION,** | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**[1]

Plaintiff Melissa Kirby Stegall ("Ms. Stegall") brings this action under 42 U.S.C. § 405(g) (2006), Section 205(g) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration ("Commissioner"), who denied her mother's application for Disability Insurance

---

[1] The court recently became aware that Carolyn W. Colvin was named the Acting Commissioner of the Social Security Administration on February 14, 2013. *See* http://www.socialsecurity.gov/pressoffice/factsheets/colvin.htm ("On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.") (last accessed on Mar. 13, 2013). Under 42 U.S.C. § 405(g), "[a]ny action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office." Accordingly, pursuant to 42 U.S.C. § 405(g) and Rule 25(d) of the Federal Rules of Civil Procedure, the court has substituted Carolyn W. Colvin for Michael Astrue in the case caption above and **HEREBY DIRECTS** the clerk to do the same party substitution on CM/ECF.

Benefits ("DIB") and Supplemental Security Income ("SSI").[2]  The court has substituted Ms. Stegall for her mother, Sharon S. Kirby ("Ms. Kirby"), as the party plaintiff in this case upon the passing of Ms. Kirby last year.  With this fact in mind, Ms. Stegall has timely pursued and exhausted her administrative remedies available before the Commissioner.  The case is thus ripe for review under 42 U.S.C. § 405(g).[3]

## FACTUAL AND PROCEDURAL HISTORY

Ms. Kirby was fifty-four years old at the time of her hearing before the Administrative Law Judge ("ALJ"). (Tr. 78).  She had completed the twelfth grade. (Tr. 87).  Her past work experience included employment as a bookkeeper. (Tr. 84). She claimed she became disabled on May 15, 2006, due to chronic obstructive pulmonary disease, asthma, and high blood pressure. (Tr. 83).  Her last period of work ended on September 1, 2001. (*Id.*).

On August 10, 2007, Ms. Kirby protectively filed a Title II application for a period of disability and DIB. (Tr. 13).  She protectively filed a Title XVI application for SSI on November 1, 2007. (*Id.*).  On April 21, 2008, the Commissioner initially

---

[2]In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI.  However, separate, parallel statutes and regulations exist for DIB and SSI claims.  Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates.  The same applies to citations of statutes or regulations found in quoted court decisions.

[3]42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

denied these claims and did so again upon reconsideration on April 1, 2009. (*Id.*). Ms. Kirby timely filed a written request for a hearing on May 13, 2009. (*Id.*). The ALJ conducted a hearing on the matter on July 20, 2010. (*Id.*). On September 3, 2010, he issued his opinion concluding Ms. Kirby was not disabled and denying her benefits. (Tr. 20). On September 14, 2010, she timely petitioned the Appeals Council to review the decision. (Tr. 9A-9B). On July 11, 2011, the Appeals Council issued a denial of review on her claim. (Tr. 6-9).

Ms. Kirby filed a Complaint with this court on September 13, 2011, seeking review of the Commissioner's determination. (Doc. 1). On February 16, 2012, Ms. Kirby filed a Motion for Judgment on the Pleadings (Doc. 8), which the court denied without prejudice on March 7, 2012. (Doc 10). On March 20, 2012, the Commissioner filed a brief supporting the ALJ's decision. (Doc. 11). Ms. Stegall then filed a Suggestion of Death Upon the Record on November 4, 2012, informing the court of Ms. Kirby's passing on June 29, 2012, and of Ms. Stegall's intention to pursue Ms. Kirby's claims in her stead. (Doc. 12). In a Response dated November 19, 2012, the Commissioner objected to the substitution of Ms. Stegall in regard to the SSI claim. (Doc. 13). The court agreed with the Commissioner in an Order dated December 5, 2012, substituting Ms. Stegall as party plaintiff only for Ms. Kirby's DIB claim. (Doc. 14). On December 13, 2012, the court dismissed the SSI claim

with prejudice. (Doc. 15). With the parties having now fully briefed the matter, the court has carefully considered the record and reverses the Commissioner's decision.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* It is "more than a scintilla, but less than a preponderance." *Id.*

This court must uphold factual findings that are supported by substantial evidence. However, it reviews the ALJ's legal conclusions de novo because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide the court with sufficient reasoning for determining that the proper legal analysis has been conducted, it must reverse the ALJ's decision. *Cornelius v. Sullivan*, 936 F.2d

1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits and establish his or her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[4]  The Regulations define "disabled" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  20 C.F.R. § 404.1505(a).  To establish an entitlement to disability benefits, a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques."  20 C.F.R. § 404.1508.

The Regulations provide a five-step process for determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4)(I-v).  The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;
(2)   whether the claimant has a severe impairment;

---

[4]The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, revised as of April 1, 2007.

(3) whether the claimant's impairment meets or equals an impairment listed by the [Commissioner];
(4) whether the claimant can perform his or her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to formerly applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561, 562-63 (7th Cir. 1999); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

The sequential analysis goes as follows:

> Once the claimant has satisfied steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her work, the burden shifts to the [Commissioner] to show that the claimant can perform some other job.

*Pope*, 998 F.2d at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995).

The Commissioner must further show that such work exists in the national economy in significant numbers. *Id.*

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ found that Ms. Kirby met the insured status requirements of the Social Security Act through December 31, 2006. (Tr. 15). He also found that Ms. Kirby was the unmarried widow of a deceased insured worker and that she had attained the age of 50. (*Id.*). She thus met the non-disability requirements for disabled widow's benefits set forth in Section 202(e) of the Social Security Act, and the prescribed

eligibility period ended on October 31, 2014. (Tr. 16). The ALJ then found that Ms. Kirby had not engaged in substantial gainful activity since May 15, 2006, the alleged onset date of her disability. (*Id.*). He further concluded that Ms. Kirby had the following severe impairments: chronic obstructive pulmonary disease, asthma, hypertension, inflammatory arthropathy of the left shoulder, possibly osteoarthritis, and obesity. (*Id.*). The ALJ then held that these medically determinable impairments, in combination, did not meet or medically equal one of those listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the Regulations. (*Id.*).

After considering the entire record, the ALJ found that Ms. Kirby had the residual functional capacity ("RFC") to perform "light work" as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (*Id.*). He added the following caveats to this evaluation:

- She could occasionally lift and carry up to 20 pounds and frequently lift and carry up to 10 pounds.
- She could occasionally handle, finger, and feel overhead with her left extremity, but had no restrictions in regard to her right upper extremity.
- She was restricted from moderate exposure to dust, fumes, gases and other pulmonary irritants, such that she needed a clean office setting.
- She should not work around unprotected heights.

(Tr. 16-17). The ALJ then found that Ms. Kirby was able to perform her past relevant work as a bookkeeper. (Tr. 20). Based on this assessment and on the entire record, the ALJ found that Ms. Kirby was not disabled between May 15, 2006, through

September 3, 2010, the date of the decision. (*Id.*).

## ANALYSIS

**I.     INTRODUCTION**

The court may only reverse a finding of the Commissioner if it is not supported by substantial evidence. 42 U.S.C. § 405(g). "This does not relieve the court of its responsibility to scrutinize the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding." *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (citing *Strickland v. Harris*, 615 F.2d 1103, 1106 (5th Cir. 1980)).[5]   However, the court "abstains from reweighing the evidence or substituting its own judgment for that of the [Commissioner]." *Id.* (citation omitted).

As noted, Ms. Kirby filed a Motion for Judgment on the Pleadings before this court. (Doc. 8). While the court found this filing procedurally premature, it will consider here the arguments made in her "Memorandum in Support of Motion for Judgment on the Pleadings." (Doc. 9). In that document, Ms. Kirby urged this court to reverse the Commissioner's decision to deny her benefits on two grounds: (1) the ALJ failed to grant controlling weight to the medical opinions of her treating physicians, and (2) the ALJ erred by finding that her chronic pulmonary disease and

---

[5]*Strickland* is binding precedent in this Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981).

valid pulmonary function test results did not meet the disability requirements found in Section 3.02 under the Listings of Impairments. (Doc. 9 at 1). In explaining these arguments, Ms. Kirby also faulted the ALJ's failure to explain its substantial weighting of the non-examining physician assigned to review her case. The court agrees with this objection and finds it sufficient to remand the case for further consideration of the medical opinion evidence.

## II. THE ALJ ERRED IN ASSIGNING SUBSTANTIAL WEIGHT TO THE NON-EXAMINING PHYSICIAN AND OMITTING WHAT WEIGHT HE GAVE THE CONSULTING PHYSICIAN.

In deriving Ms. Kirby's RFC, the ALJ wrongly gave "substantial" weight to the non-examining, reviewing physician without adequately explaining his reasons for doing so. His inadequate explanation, joined with his omission of any weight assignment to Ms. Kirby's consulting physician, mandates reversal. In assessing the medical evidence in any case, the ALJ must state with particularity the weight he gave the different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam) (citing *MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986)); *see also Caulder v. Bowen*, 791 F.2d 872, 880 (11th Cir. 1986) (requiring the ALJ on remand to articulate his reasons for not giving weight to consulting physician's diagnoses accompanying a pulmonary function test). Absent such a statement, a reviewing court cannot determine whether the

Commissioner's ultimate decision is supported by substantial evidence. *Hudson v. Heckler*, 755 F.2d 781, 786 (11th Cir. 1985) (per curiam) (citations omitted).

The ALJ did not provide the requisite statement here. In explaining his RFC finding, he detailed his reasons for discounting the opinion of Dr. John Lary, M.D., Ms. Kirby's treating physician. (*See* Tr. 18-19). However, his treatment of the opinion of Dr. Shakoora Omonuwa, M.D., the reviewing physician who did not examine Ms. Kirby, was merely the following:

> Dr. Shakoora Omonuwa, the physician who reviewed the evidence at the initial consideration level, which included the examination and pulmonary testing by Dr. Whiteman, concluded that the claimant is capable of performing a limited range of light work activity. (Exhibit 4F). The undersigned finds that the opinion of the state agency physician is entitled to substantial weight because it is consistent with the medical evidence of record as a whole, including examination findings and test results, as discussed in detail above.

(Tr. 19). This is simply insufficient. The *Sharfarz* holding is clear: the ALJ must state *with particularity* both the weight designation given such evidence *and* the reasons for doing so. The ALJ here gave a clear designation – substantial weight – but his explanation was conclusory. The Commissioner argues that the ALJ's generic cross-reference to the entire medical record (and his interpretation of it) satisfies this obligation, (Doc. 11 at 13-14), but the court finds such reasoning unpersuasive. To accord substantial weight to a non-examining, reviewing physician is unusual. *See Oldham v. Schweiker*, 660 F.2d 1078, 1084 (5th Cir. Unit B Nov. 1981) ("The

opinion of an examining physician is generally entitled to more weight than the opinion of a non-examining physician.").[6] An ALJ is free to do so, but the law dictates that he or she sufficiently elaborate his or her reasons. In this case, the ALJ justified his decision to give greater weight to a reviewing physician's opinion than those of Ms. Kirby's examining physicians by summarily stating that Dr. Omonuwa's opinion was consistent with the record. Such cursory treatment is deficient under the law in this Circuit.[7]

The ALJ compounded his error by omitting what weight he lent the opinion of Dr. Diana Whiteman, M.D., the consulting physician who examined Ms. Kirby at the request of the State Bureau of Disability Adjudication Services. This failure might itself remand reversal under *Sharfarz*. Without deciding that issue, the court notes the impossible position it finds itself in as a result of the ALJ's omission. Given that the ALJ clearly discounted the opinion of Ms. Kirby's treating physician, the court

---

[6]This decision is binding in this Circuit. *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33, 34 (11th Cir. 1982) (adopting as binding precedent all of the post-September 30, 1981, decisions of Unit B of the former Fifth Circuit.).

[7]The Commissioner argues that the *Sharfarz* holding cited above has been undermined by two unpublished decisions issued by the Eleventh Circuit in recent years. *See* Doc. 11 at 14 n.3 (citing *Shaw v. Astrue*, 392 F. App'x 684, 686-87 (11th Cir. 2010) (unpublished) and *Caldwell v. Barnhart*, 261 F. App'x 188, 190-91 (11th Cir. 2008) (unpublished)). Unpublished decisions act only as persuasive, not controlling, authority. 11th Cir. R. 36-2. Moreover, the court is bound here by the first published decision directly addressing this issue, which is *Sharfarz*. *See, e.g.*, *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997) ("The law of this circuit is 'emphatic' that only the Supreme Court or this court sitting en banc can judicially overrule a prior panel decision." (quoting *United States v. Woodward*, 938 F.2d 1255, 1258 (11th Cir. 1991)).

is presently unaware how the ALJ treated Dr. Whiteman's opinion evidence in relation to that of Dr. Omonuwa in arriving at his decision. Without such guidance from the ALJ, the court is unable to exercise meaningful judicial review. *See Ryan v. Heckler*, 762 F.2d 939, 941 (11th Cir. 1985) ("We cannot, however, conduct a review that is both limited and meaningful if the ALJ does not state with sufficient clarity the legal rules being applied and the weight accorded the evidence considered.") (citations omitted).

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner did not apply proper legal standards in reaching her final decision. Accordingly, the decision will be reversed and remanded by separate order.

**DONE** and **ORDERED** this 28th day of March, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge